IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENIFFER SANTIAGO RIVERA, | : | |
| on behalf of herself and all others | : | |
| similarly situated, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-cv-4857 |
| | : | |
| VITAL SUPPORT HOME HEALTH | : | |
| CARE AGENCY, INC. | : | |
| | : | |
| Defendant. | : | |

### ANSWER OF DEFENDANT VITAL SUPPORT HOME HEALTH CARE AGENCY, INC. TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Defendant, Vital Support Home Health Care Agency, Inc., ("Vital Support"), by and through its undersigned counsel, hereby answers the Collective Action Complaint ("Complaint") of Plaintiff Jeniffer Santiago Rivera ("Plaintiff"):

### INTRODUCTION[1]

1.  Admitted in part, denied in part. It is admitted only that Plaintiff purports to file a collective action on behalf of herself and other allegedly similarly situated persons, and that she contends that Vital Support violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Pennsylvania State law. It is denied that the Complaint states a claim upon which relief can be granted under any laws of the United States or under any state laws and it is denied that class or

---

[1] Vital Support repeats the headings used in the Complaint solely for convenience.

collective action treatment is appropriate.  Vital Support further denies any other factual allegations set forth in Paragraph 1 of the Complaint.

2.	The allegations set forth in Paragraph 2 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

## JURISDICTION AND VENUE

3.	Admitted in part, denied in part.  It is admitted only that the Complaint purports to invoke this Court's jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  It is denied that the Complaint states a claim upon which relief can be granted under any laws of the United States.  Vital Support further denies any other factual allegations set forth in Paragraph 3 of the Complaint.

4.	Admitted in part, denied in part.  It is admitted only that the Complaint also purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1367.  It is denied that the Complaint states a claim upon which relief can be granted under any laws of the United States or under any state laws.  Vital Support further denies any other factual allegations set forth in Paragraph 4 of the Complaint.

5.	Admitted in part, denied in part.  It is admitted only that Vital Support is incorporated in Pennsylvania, that it conducts business in the Eastern District of Pennsylvania, and that venue is appropriate in this District to the extent this Court has subject matter jurisdiction.  It is denied that the Complaint states a claim upon which relief can be granted. Vital Support further denies any other factual allegations set forth in Paragraph 5 of the Complaint.

## PARTIES

6.	Admitted in part, denied in part.  It is admitted that Plaintiff, Jeniffer Santiago Rivera, worked for Vital Support as a home health aide from July 2014 through February 2015,

providing home care support and services to a client in Pennsylvania. Vital Support lacks knowledge or information sufficient to form a belief as to the truth of whether or not Ms. Rivera currently resides in Philadelphia, Pennsylvania, and that allegation is therefore denied. Vital Support denies the allegations in Paragraph 6 of the Complaint purporting to characterize Exhibit A to the Complaint, which is a written document that speaks for itself. The remaining allegations contained in Paragraph 6 of the Complaint are denied.

      7.      Admitted.

      8.      Admitted in part, denied in part. It is admitted only that Vital Support employed Plaintiff, and that it employs other employees. It is specifically denied that Plaintiff is situated similarly to other employees in the Putative Classes she purports to represent through her Complaint. The remaining allegations set forth in Paragraph 8 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

      9.      The allegations set forth in Paragraph 9 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

      10.      Admitted.

## CLASS DEFINITIONS

      11.      Admitted in part, denied in part. It is admitted only that Plaintiff purports to file a collective action on her own behalf and on behalf of "All persons who worked for Vital Support Home Health Care Agency, Inc. ("VSHHA") as a home health aide in the United States and who attended an unpaid training for VSHHA between August 27, 2012 and the present." It is denied that the Complaint properly defines a putative class on behalf of which a collective action may be maintained. It is also denied that the Complaint states a claim upon which relief

3

can be granted. Vital Support denies any other factual allegations set forth in Paragraph 11 of the Complaint.

12. Admitted in part, denied in part. It is admitted only that Plaintiff purports to file a class action on behalf of herself and "All persons who worked for Vital Support Home Health Care Agency, Inc. ("VSHHA") as a home health aide in Pennsylvania from August 27, 2011 to the present." It is denied that the Complaint properly defines a putative class on behalf of which a class action may be maintained. It is also denied that the Complaint states a claim upon which relief can be granted. Vital Support denies any other factual allegations set forth in Paragraph 12 of the Complaint. Footnote 1 to Paragraph 12 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

13. For purposes of this Answer, Vital Support will refer to the putative FLSA Class and the putative Pennsylvania Class together as the "Putative Classes." By way of further response, Vital Support denies that collective action or class action treatment is appropriate on the facts and the law here. Vital Support denies any other factual allegations set forth in Paragraph 13 of the Complaint.

14. The allegations set forth in Paragraph 14 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

## FACTS

15. Admitted in part, denied in part. It is admitted only that Vital Support employed Plaintiff, and that it employs other home health aides who perform a variety of services, including health care, medical care, medication management, feeding, bathing, and light

housekeeping among other services, to elderly and disabled clients in this judicial district. Vital Support denies all other factual allegations set forth in Paragraph 15 of the Complaint.

16. Admitted.

17. Denied as stated. It is admitted only that Vital Support employed Plaintiff, and that, with one limited exception, Plaintiff provided home care support to a single client during her employment with Vital Support.

18. Admitted in part, denied in part. It is admitted only that Vital Support employs home health aides who perform work for clients in those clients' homes. The remaining allegations set forth in Paragraph 18 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. By way of further response, Vital Support denies that Plaintiff is situated similarly to other employees in the Putative Classes she purports to represent through her Complaint.

19. The allegations set forth in Paragraph 19 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. By way of further response, Vital Support denies that Plaintiff is situated similarly to other employees in the Putative Classes she purports to represent through her Complaint.

20. Denied. By way of further response, Vital Support offers pre-employment training designed to enable applicants for home health aide positions to meet state and federally mandated competency requirements so that they may work as home health aides. However, applicants are not required to attend the training, and are free to meet the state and federal requirements in other ways.

21. Denied.

22.     Denied.  By way of further response, Vital Support offers training designed to enable its applicants and employees to meet state and federally mandated competency requirements so that they may work as home health aides.

23.     Admitted in part, denied in part.  It is admitted only that Vital Support offers training designed to enable its applicants and employees to meet state and federally mandated competency requirements so that they may work as home health aides, and that it did not compensate Plaintiff or members of the Putative Class for time spent in such training.  Vital Support denies all other factual allegations set forth in Paragraph 23 of the Complaint.

24.     Admitted in part, denied in part.  It is admitted only that the duties of home health aides may include, but are not limited to, assisting clients with dressing, personal care, preparing meals, light housekeeping, and assistance taking medications.  It is also admitted that, during her employment with Vital Support as a home health aide, Plaintiff assisted Vital Support clients with some of these tasks.   Vital Support denies all other factual allegations set forth in Paragraph 24 of the Complaint and denies that Plaintiff is situated similarly to other members of the Putative Classes she purports to represent through the Complaint.

25.     Admitted in part, denied in part.  It is admitted only that Plaintiff and the members of the Putative Class were paid on an hourly basis, and that Plaintiff was, for example, paid at the straight time rate of $10 per hour.  Vital Support denies all other factual allegations set forth in Paragraph 25 of the Complaint.

26.     Admitted in part, denied in part.  It is admitted only that Plaintiff was, and the members of the Putative Class were and are required to complete and submit to Vital Support weekly records detailing the tasks performed and hours worked for each client.  Vital Support denies all other factual allegations set forth in Paragraph 26 of the Complaint.

27.     The allegations set forth in Paragraph 27 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

28.     Admitted in part, denied in part.  It is admitted only that Plaintiff routinely worked seven (7) days per week while employed by Vital Support.  Vital Support specifically denies that Plaintiff is situated similarly to other employees in the Putative Classes she purports to represent through her Complaint.  By way of further response, Vital Support denies that collective action or class action treatment is appropriate on the facts and the law here.  Vital Support denies any other factual allegations set forth in Paragraph 28 of the Complaint.

29.     The allegations set forth in Paragraph 29 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.  By way of further response, Vital Support denies that Plaintiff is situated similarly to other employees in the Putative Classes she purports to represent through her Complaint.

30.     Admitted in part, denied in part.  It is admitted only that on one occasion Plaintiff complained to Vital Support's office manager that she had not received overtime compensation although she had worked over forty hours per week.  Vital Support denies the remaining factual allegations set forth in Paragraph 30 of the Complaint.

31.     Denied.

32.     Denied.

33.     The allegations set forth in Paragraph 33 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

34. The allegations set forth in Paragraph 34 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

35. Denied.

36. Denied.

37. Denied.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

38. Admitted in part, denied in part. It is admitted only that Plaintiff purports to file this lawsuit as a collective action on behalf of herself and a putative FLSA Class that she defines in her Complaint. It is denied that the Complaint properly defines a putative class on behalf of which a collective action may be maintained, or that the Complaint states a claim upon which relief can be granted. It is also denied that Plaintiff is situated similarly to other employees in the Putative Classes she purports to represent through her Complaint. Vital Support denies any other factual allegations set forth in Paragraph 38 of the Complaint.

39. Admitted in part, denied in part. It is admitted only that Plaintiff purports to file this lawsuit as a collective action on behalf of herself and a putative FLSA Class that she defines in her Complaint. It is denied that the Complaint properly defines a putative class on behalf of which a collective action may be maintained, or that the Complaint states a claim upon which relief can be granted. It is also denied that Plaintiff is situated similarly to other employees in the Putative Classes she purports to represent through her Complaint. Vital Support denies any other factual allegations set forth in Paragraph 39 of the Complaint.

40. The allegations set forth in Paragraph 40 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. By way of further response, it is denied that Plaintiff is

situated similarly to other employees in the Putative Classes she purports to represent through her Complaint.

    41.    Admitted in part, denied in part. It is admitted only that Vital Support is able to identify its employees and former employees through its business and human resources records. The remaining allegations set forth in Paragraph 41 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. By way of further response, it is denied that Plaintiff is situated similarly to other employees in the Putative Classes she purports to represent through her Complaint.

    42.    Admitted in part, denied in part. It is admitted only that Plaintiff purports to file this lawsuit as a collective action on behalf of herself and a putative FLSA Class that she defines in her Complaint. It is denied that the Complaint properly defines a putative class on behalf of which a collective action may be maintained, or that the Complaint states a claim upon which relief can be granted. It is also denied that Plaintiff is situated similarly to other employees in the putative FLSA Class she purports to represent through her Complaint. Vital Support denies any other factual allegations set forth in Paragraph 42 of the Complaint. The remaining allegations set forth in Paragraph 42 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

## CLASS ACTION ALLEGATIONS

    43.    Admitted in part, denied in part. It is admitted only that Plaintiff purports to file this lawsuit as a class action on behalf of herself and a putative Pennsylvania Class that she defines in her Complaint. It is denied that the Complaint properly defines a putative class on behalf of which a class action may be maintained, or that the Complaint states a claim upon which relief can be granted. It is also denied that Plaintiff is situated similarly to other

employees in the putative Pennsylvania Class she purports to represent through her Complaint. Vital Support denies any other factual allegations set forth in Paragraph 43 of the Complaint.

44.     The allegations set forth in Paragraph 44 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

45.     The allegations set forth in Paragraph 45 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.  By way of further response, it is denied that Plaintiff is situated similarly to other employees in the putative Pennsylvania Class she purports to represent through her Complaint.

46.     The allegations set forth in Paragraph 46 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.

47.     The allegations set forth in Paragraph 47 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.  By way of further response, it is denied that Plaintiff is situated similarly to other employees in the putative Pennsylvania Class she purports to represent through her Complaint.

48.     The allegations set forth in Paragraph 48 of the Complaint contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, the allegations are denied.  By way of further response, it is denied that the Complaint properly defines a putative class on behalf of which a class action may be maintained.  It is also denied that the Complaint states a claim upon which relief can be granted.

49. The allegations set forth in Paragraph 49 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. By way of further response, it is denied that the Complaint properly defines a putative class on behalf of which a class action may be maintained. It is also denied that the Complaint states a claim upon which relief can be granted.

50. The allegations set forth in Paragraph 50 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. By way of further response, it is denied that the Complaint properly defines a putative class on behalf of which a class action may be maintained. It is also denied that the Complaint states a claim upon which relief can be granted.

51. The allegations set forth in Paragraph 51 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. By way of further response, it is denied that the Complaint properly defines a putative class on behalf of which a class action may be maintained. It is also denied that the Complaint states a claim upon which relief can be granted.

### COUNT I
### PURPORTED VIOLATION OF THE FLSA

52. Vital Support incorporates its prior responses by reference as if the same are set forth at length herein.

53. The allegations set forth in Paragraph 53 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

54. The allegations set forth in Paragraph 54 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

55. The allegations set forth in Paragraph 55 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

56. The allegations set forth in Paragraph 56 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

57. The allegations set forth in Paragraph 57 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

58. Denied. It is denied that Vital Support requires employees to attend mandatory training. The remaining allegations set forth in Paragraph 58 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

59. The allegations set forth in Paragraph 59 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

60. Admitted in part, denied in part. Vital Support admits only that it offered training designed to enable its applicants and employees to meet state and federally mandated competency requirements for home health aides, and that it did not compensate Plaintiff or

members of the Putative FLSA Class for time spent in such training if they elected to attend. Vital Support denies all other factual allegations set forth in Paragraph 60 of the Complaint.

61. Denied.

62. Denied.

## COUNT II

## PURPORTED VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

63. Vital Support incorporates its prior responses by reference as if the same are set forth at length herein.

64. The allegations set forth in Paragraph 64 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

65. The allegations set forth in Paragraph 65 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

66. The allegations set forth in Paragraph 66 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

67. The allegations set forth in Paragraph 67 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

68. The allegations set forth in Paragraph 68 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

69. The allegations set forth in Paragraph 69 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

70. The allegations set forth in Paragraph 70 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

71. The allegations set forth in Paragraph 71 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

## COUNT III

## PURPORTED UNJUST ENRICHMENT

72. Vital Support incorporates its prior responses by reference as if the same are set forth at length herein.

73. The allegations set forth in Paragraph 73 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Vital Support hereby requests judgment be entered in its favor and against Plaintiff, that this action be dismissed with prejudice, and that Vital Support be awarded its costs, including attorneys' fees, as well as such other relief as the Court deems just and proper.

**ADDITIONAL DEFENSES**

Vital Support states the following additional and affirmative defenses, but does not assume the burden of proof on any such defenses except as required by applicable law. Vital Support reserves the right to assert other defenses and/or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff, or any Plaintiff who may join, lacks standing to assert some or all of the claims in the Complaint.

3. The Complaint fails to properly define a putative class on behalf of which a class or collective action may be maintained.

4. This case may not be maintained as a collective or class action because Plaintiff, or any Plaintiff who may join, are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, cannot establish the existence of each requirement under 29 U.S.C. § 216.

5. Some of the claims of the Plaintiff, or any Plaintiff who may join, are barred in whole or in part because he or she failed to satisfy the requirements for opting in to any conditionally certified FLSA claim and/or filed consents to opt in contrary to the FLSA and/or applicable law or Orders of Court.

6. All or some of claims of the Plaintiff, or any Plaintiff who may join, are barred, in whole or in part, by the applicable statutes of limitations.

7. Plaintiff, or any Plaintiff who may join, is not entitled to any relief under the FLSA because they were fully and justly compensated for all time they were suffered or permitted to work.

8. Plaintiff, or any Plaintiff who may join, is not entitled to any relief under the FLSA because, to the extent they worked and were not compensated, they worked without the knowledge of their employer.

9. Plaintiff, or any Plaintiff who may join, has suffered no compensable damages.

10. Plaintiff, or any Plaintiff who may join, is not entitled to any relief because the alleged work activities which form the basis of her claims, if they occurred, were *de minimis*.

11. The claims of the Plaintiff, or any Plaintiff who may join, under the FLSA are barred to the extent the activities for which she seeks additional compensation are noncompensable preliminary or postliminary activities.

12. The claims of the Plaintiff, or any Plaintiff who may join, are barred because Vital Support has acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices and enforcement policies of the United States Department of Labor.

13. Vital Support has acted without willfulness, in good faith, and with reasonable grounds for believing that it is and was complying with all applicable provisions of law at all times, including good faith with respect to any and all disputed wage claims by Plaintiffs or putative class members.  Thus, *inter alia*, Plaintiff, or any Plaintiff who may join, is barred from recovering liquidated damages.

14. To the extent that Plaintiff, or any Plaintiff who may join, is or was an "exempt" employee within the meaning of the federal or state law, they are not entitled to any relief.

15. Plaintiff, or any Plaintiff who may join, has failed to satisfy the opt-in requirements of the FLSA.

16. The claims of the Plaintiff, or any Plaintiff who may join, are barred, or their damages should be reduced, to the extent they were paid extra compensation which is creditable toward, or a setoff against, the additional compensation sought in this action, pursuant to 29 U.S.C. § 207(h) or otherwise.

17. Vital Support exercised reasonable care to ensure that its employees were fully compensated for all time worked, and Plaintiff, or any Plaintiff who may join, unreasonably failed to take advantage of opportunities provided by Vital Support to ensure that she would be fully compensated for all time worked.

18. Defendant has not willfully or intentionally failed to pay any compensation due to Plaintiff and the putative class members to justify any awards of penalties or fees. All actions taken towards them were taken for lawful business reasons and in good faith.

19. Some or all of claims of the Plaintiff, or any Plaintiff who may join, are barred by waiver.

20. Plaintiff, or any Plaintiff who may join, lacks standing to sue on behalf of the purported members of the putative class, and this case is not appropriate for a class or collective action.

21. Plaintiff, or any Plaintiff who may join, does not satisfy the requirements for a class or collective action.

22. Plaintiffs and putative class members' claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions or credits provided for under Pennsylvania law, including, but not limited to, the exemptions articulated in 43 P.S. § 333.105(a)(5).

23. All or some of the state law claims set forth in the Complaint are preempted by federal law and by the Supremacy Clause of Article VI of the United States Constitution.

24. If Plaintiff, or any Plaintiff who may join, suffered any damages as a result of the matters alleged in the Complaint, such damages were caused wholly or in part as the result of her own culpable conduct, including her failure to inform her supervisors of all time when she worked.  Any judgment recovered by Plaintiff, or any Plaintiff who may join, must be reduced in proportion to the extent that her culpable conduct contributed to the alleged damages.

25. Vital Support reserves the right to assert such additional defenses that it may deem necessary to its defense upon the completion of discovery or other pretrial procedures.

WHEREFORE, Vital Support seeks judgment in its favor and against Plaintiff dismissing the Complaint in its entirety with prejudice and awarding Vital Support its reasonable attorneys' fees, costs of suit, and such other and further relief as the Court deems appropriate.

Dated:  November 6, 2015                                    BUCHANAN INGERSOLL & ROONEY PC

*/s/ Steven E. Bizar*
Steven E. Bizar
Rose E. Isard
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia PA 19102-2555
(215) 665-8700
steven.bizar@bipc.com
rose.isard@bipc.com

Louis I. Lipsky
LIPSKY AND BRANDT
1101 Market Street, Suite 2820
Philadelphia, PA 19107
llipsky@lipskybrandt.com

*Attorneys for Defendant Vital Support Home Health Care Agency, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2015, I caused to be electronically filed the foregoing Answer with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing systems. Parties may access the filing through the Court's CM/ECF System.

*/s/ Steven E. Bizar*
Steven E. Bizar